UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TK TOWING, INC.**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                **NO. 22-1047**

**CONSTRUCTION SOLUTIONS, L.L.C.**                                    **SECTION: "E"(5)**

**ORDER, REPORT AND RECOMMENDATION, AND CERTIFICATION OF FACTS**

On April 19, 2022, Plaintiff TK Towing, Inc. filed this lawsuit against Defendant, Construction Solution, L.L.C., whose principal is Daniel Baker. (Rec. doc. 1). Defendant failed to appear, to plead, or to otherwise defend this lawsuit. Accordingly, on August 24, 2022, Plaintiff moved for the entry of default against Defendant, which the Clerk of Court granted on August 29, 2022. (Rec. docs. 13, 14). Thereafter, Plaintiff moved for the entry of default judgment against Defendant, which, after an oral hearing at which Defendant failed to appear, the District Court granted. (Rec. docs. 15, 17). The District Court ultimately rendered judgment against Defendant and in favor of Plaintiff in the amount of $425,303.94 plus interest. (Rec. doc. 21). Defendant has failed – and as far as this Court knows, has not even attempted – to satisfy the judgment.

On January 4, 2023, Plaintiff moved for a judgment debtor examination, which this Court held on January 23, 2023. (Rec. docs. 22, 25). Daniel Baker failed to appear at the judgment debtor examination despite Plaintiff's possession of a photograph in which Baker was served with the pleadings. (Rec. doc. 25). This Court set another judgment debtor examination on April 5, 2023. (Rec. doc. 29). Baker failed to appear on April 5, 2023, and Plaintiff filed a motion to hold Baker in contempt. (Rec. doc. 31). The Court set a show cause hearing on the motion to contempt on May 10, 2023. (Rec. doc. 34). Baker failed to appear

at the show cause hearing despite the Court's warning that the motion would be granted for his failure to appear at the judgment debtor examinations and to abide by this Court's orders should he fail to show cause why it should not be. (Rec. doc. 35).

Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the failure to obey a court order, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (citation omitted). Whether a sanction is civil or criminal is determined by looking to the character of the relief. *Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 F. App'x 249, 254 (5th Cir. 2020). Generally, criminal contempt is designed to vindicate the authority of the court. *Id.* (citing *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 263 (5th Cir. 2009)). It is punitive and typically punishes a contemnor for past disobedience. *Id.* Criminal contempt is a crime and includes criminal penalties that may not be imposed without observance to those Constitutional protections afforded to criminal proceedings. *See id.*

In contrast, civil contempt can either be compensatory or coercive. *G.K. v. D.M.*, Civ. A. No. 21-2242, 2023 WL 2316213 at *3 (E.D. La. Jan. 25, 2023). To be compensatory, it must remedy losses sustained. *Id.* Where coercive, civil contempt is designed to pressure the contemnor into compliance with a court order. *Ravago*, 832 F. App'x at 254. Coercive civil contempt is avoidable through obedience. *Id.* Civil contempt may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard. *Int'l Union, United Mine*

2

*Workers of Am. v. Bagwell*, 512 U.S. 821, 826-27 (1993).  Distinguishing between criminal and civil contempt is not always clear as even purely compensatory punishment also vindicates the court's authority, just as when punishment is solely punitive, and there may be incidental benefit to the complainant and deterrence of future disobedience.  *Ravago*, 832 F. App'x at 254.

Sanctions are proper when clear and convincing evidence indicates (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order.  *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (citing *FDIC v. LeGrand*, 43 F.3d 163, 165 (5th Cir. 1995)).  The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . without hesitancy, of the truth of the precise facts of the case."  *See Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (characterizing clear and convincing evidence as "that 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable [the] fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'").  Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order.  *See Whitfield*, 832 F.2d at 913 (citation omitted).  Indeed, even an unintentional violation of a court order may lead to civil sanctions, though the court should consider the degree of willfulness in determining the appropriate sanction.  *Walle Corp. v. Rockwell Graphics Sys.*, No. 90-2163, 1992 WL 165678, at *2 (E.D. La. July 6, 1992) (citations omitted).

3

It is beyond argument that clear and convincing evidence proves that court orders were in effect in this lawsuit, that the orders required certain conduct by Baker, and Baker failed to comply with the court orders. Baker has disobeyed this court's orders on more than one occasion. Specifically, in defiance of this court, Baker failed to appear for the January 23, 2023 and April 5, 2023 judgment debtor rules and ultimately failed to appear for the May 10, 2023 rule to show cause hearing on the motion to contempt. When an act committed in or outside of the presence of the Magistrate Judge constitutes civil contempt, the Magistrate Judge must certify the facts to the District Judge and issue a show cause order why the District Judge should not adjudge that party in contempt. 28 U.S.C. § 636(e)(6). Accordingly,

**IT IS ORDERED** that the Motion for Civil Contempt (rec. doc. 31) referred to this Court is **GRANTED**.

In accordance with the above provisions, the undersigned Magistrate Judge hereby certifies the above-stated facts to United States District Judge Susie Morgan and **RECOMMENDS** that Daniel Baker also be held in civil contempt by the District Court and that a warrant be issued for Daniel Baker's arrest to appear before Judge Morgan on Wednesday, June 20, 2023 at 10:00 a.m., to show cause why he should not be adjudged in civil contempt by reason of the above facts so certified.

New Orleans, Louisiana, this 15th day of May, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE